LOEB & LOEB LLP
BERNARD R. GIVEN II (SBN 134718)
10100 Santa Monica Blvd., Suite 2200
Los Angeles, CA 90067
Telephone: 310.282.2000
Facsimile: 310.282.2200

Proposed Attorneys for Debtor
and Debtor in Possession

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| In re:<br><br>Shinda Upple dba Khalsa Ranch,<br><br>Debtor. | Case No.: 2026-14639<br><br>Chapter 11<br><br>**DEBTOR'S EMERGENCY MOTION FOR ENTRY OF INTERIM AND FINAL ORDERS (I) AUTHORIZING THE DEBTOR TO PAY EMPLOYEE COMPENSATION; (II) AUTHORIZING AND DIRECTING THE BANK TO ISSUE EMPLOYEE COMPENSATION PAYMENTS; AND (III) GRANTING RELATED RELIEF**<br><br>DC No.: BRG-4<br><br>**Hearing**<br>Date: November 5, 2026<br>Time: 1:30 p.m.<br>Courtroom: 11<br>Place: 2500 Tulare Street, Suite 2501<br>Fresno, CA 93721<br><br>Judge: Hon. Jennifer E. Niemann |

**TO THE HONORABLE JENNIFER E. NIEMANN, UNITED STATES BANKRUPTCY JUDGE; THE OFFICE OF THE UNITED STATES TRUSTEE;**

**THE DEBTOR'S TWENTY LARGEST UNSECURED CREDITORS; THE BANK; AND OTHER PARTIES IN INTEREST:**

Shinda Upple dba Khalsa Ranch ("Debtor"), the Debtor and Debtor-in-Possession in the above-captioned chapter 11 case (the "Chapter 11 Case"), by and through his proposed counsel, Loeb & Loeb LLP, hereby moves (the "Motion") the Court for entry of interim and final orders authorizing the Debtor to pay or honor in his discretion certain prepetition employee wages.

As of the Petition Date, the Debtor employs six non-insider employees in connection with his farming operations, which do business as Khalsa Ranch. The Employees are paid monthly and have not yet been paid their wages for the month of October 2026, which total approximately $12,785 in the aggregate. The Debtor is current on all payroll and withholding taxes. By the Motion, the Debtor seeks authority, but not direction, to (a) pay the Employees' unpaid wages, including the portion earned prior to the October 19, 2026 Petition Date, provided that no Employee will receive more than the $17,150 priority cap under section 507(a)(4) of the Bankruptcy Code on account of prepetition wages; (b) withhold payroll taxes from such wages and remit them to the appropriate recipients in the ordinary course of business; and (c) continue paying wages postpetition in the ordinary course of business. The Debtor also requests that the Court authorize the Bank to honor checks and electronic fund transfers related to such payments, schedule a final hearing on the Motion, and waive the notice requirements and stay under Bankruptcy Rules 6004(a) and 6004(h). The Debtor does not maintain any employee benefit plans or paid time off programs and does not seek to pay any amounts to insiders.

The Motion is based on this Notice and Motion, the Memorandum of Points and Authorities and the Declaration of Shinda Upple filed concurrently herewith, and other such evidence and argument as the Court may consider.

**WHEREFORE**, the Debtor respectfully requests that the Court enter interim and final orders (i) authorizing the Debtor to pay Employee Compensation (as defined below);

(ii) authorizing and directing the Bank (as defined below) to receive, process, honor and pay any and all checks related to the foregoing, provided sufficient funds exist to cover such payments; and (iii) granting such other and further relief as the Court deems just and proper under the circumstances.

Dated: November 4, 2026

Respectfully submitted,

LOEB & LOEB LLP
BERNARD R. GIVEN II

By: /s/ Bernard R. Given II
Bernard R. Given II

Proposed Attorneys for Debtor and Debtor in Possession



Loeb & Loeb LLP
A Limited Liability Partnership
Including Professional
Corporations

244277292.1
249854-10002

LOEB & LOEB LLP
BERNARD R. GIVEN II (SBN 134718)
10100 Santa Monica Blvd., Suite 2200
Los Angeles, CA 90067
Telephone: 310.282.2000
Facsimile: 310.282.2200

Proposed Attorneys for Debtor
and Debtor in Possession

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| In re:<br><br>Shinda Upple dba Khalsa Ranch,<br><br>Debtor. | Case No.: 2026-14639<br><br>Chapter 11<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF EMERGENCY MOTION OF DEBTOR FOR ENTRY OF INTERIM AND FINAL ORDERS (I) AUTHORIZING THE DEBTOR TO PAY EMPLOYEE COMPENSATION; (II) AUTHORIZING AND DIRECTING THE BANK TO ISSUE EMPLOYEE COMPENSATION PAYMENTS; AND (III) GRANTING RELATED RELIEF**<br><br>DC No.: BRG-4<br><br>**<u>Hearing</u>**<br>Date: November 5, 2026<br>Time: 1:30 p.m.<br>Courtroom: 11<br>Place: 2500 Tulare Street, Suite 2501<br>Fresno, CA 93721<br><br>Judge: Hon. Jennifer E. Niemann |

Shinda Upple dba Khalsa Ranch ("Debtor"), the Debtor and Debtor-in-Possession in the above-captioned chapter 11 case (the "Chapter 11 Case"), by and through counsel,

hereby submits this Memorandum of Points and Authorities in Support of Debtor's Emergency Motion for Entry of Interim and Final Orders (I) Authorizing the Debtor to Pay Employee Compensation; (II) Authorizing and Directing the Bank to Issue Employee Compensation Payments; and (III) Granting Related Relief (the "Motion") and respectfully states as follows:

## I. JURISDICTION

1. The United States Bankruptcy Court for the Eastern District of California (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. Venue of this bankruptcy case in this District is proper under 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested herein are sections 105(a), 363(b), and 507(a)(4) of the Bankruptcy Code, Bankruptcy Rules 6003 and 6004, and Local Rule 9014-1(f)(4) of the Local Rules of Practice for the United States Bankruptcy Court for the Eastern District of California.

## II. FACTUAL BACKGROUND

4. On October 19, 2026 (the "Petition Date"), the Debtor filed with this Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

5. The Debtor continues to operate his business and manage his properties as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. As of the date hereof, no examiner or official committee of unsecured creditors has been appointed in this case.

6. Additional factual background regarding the Debtor, his farming operations, and the Employees is set forth in the Declaration of Shinda Upple filed concurrently herewith (the "Upple Declaration"), which is fully incorporated in this Motion by reference.

## III. RELIEF REQUESTED

7. As of the Petition Date, the Debtor employs six (6) non-insider employees (the "Employees") in the ordinary course of his farming business, which operates as Khalsa Ranch. Continued service by all of the Employees is essential to the Debtor's ongoing farming operations and his reorganization efforts.

8. By this Motion, the Debtor seeks authority to pay approximately $12,785 in unpaid wage obligations, representing the Employees' wages for the month of October 2026 (a portion of which accrued prior to the Petition Date), as well as the authority to continue his wage programs in the normal course postpetition, and obtain related relief.

### A. Wages

9. The Employees earn wages, incurred in the ordinary course of the Debtor's business ("Employee Wage Obligations"). The Employees are paid monthly. The Employees have not yet been paid for the month of October 2026, and the Debtor owes the Employees a total of approximately $12,785 on account of such wages. The portion of those wages earned from October 1, 2026 through the Petition Date constitutes prepetition Employee Wage Obligations. Because the aggregate amount owed to all six Employees for the entire month of October is approximately $12,785, no Employee is owed more than $17,150 in Employee Wage Obligations on an individual basis.[1]

### B. Payroll Deductions and Withholdings

10. In the ordinary course of business, the Debtor is required by law to withhold from his Employees' paychecks (as applicable) amounts related to federal, state, and local income taxes, the Employees' portion of FICA and unemployment taxes, and social security and Medicare taxes (collectively, the "Employee Deductions"). The Debtor forwards amounts equal to the Employee Deductions to the appropriate third party

[1] As discussed below, Bankruptcy Code section 507(a)(4) affords priority distribution for up to $17,150 in wages, salaries, and commissions earned by an individual. 11 U.S.C. § 507(a)(4). For the avoidance of doubt, the definition of "Employees" used herein is exclusive of the Debtor's insiders.

recipients. The Debtor is current on all payroll and withholding taxes, and no Employee Deductions are past due to any governmental entity. The Debtor seeks authorization to withhold the Employee Deductions from the unpaid October 2026 wages and to continue to deduct such funds and pay them to the appropriate governmental entities in the ordinary course of business.

**C. Payroll and Summary**

11. The Debtor pays payroll through his account at Citizens Business Bank (the "Bank") through which he provides various payroll services to his Employees, including services related to the payment of Employee Wage Obligations, and the withholdings of various sums from Employee paychecks for taxes, among other things. The Debtor seeks an order authorizing and directing the Bank to honor payments related to the various Employee Wage Obligations identified above.

12. The Debtor submits that it is essential for the morale and maintenance of trust of the Employees that all necessary steps are taken to protect the employment compensation described above (collectively, the "Employee Compensation"), including the Debtor's payment of the Employee Wage Obligations and the honoring of the Employee Deductions. The Employees are not easily replaceable in this competitive labor market. The Debtor believes that the Employees would not stay with the Debtor if such payments are not made. Accordingly, if the outstanding Employee Compensation is not immediately honored, the Debtor will experience immediate and irreparable harm to the detriment of all parties in interest. Moreover, failure to pay Employees in the normal course may have a material adverse impact on such individuals' ability to provide for themselves and their respective families. Provided that the Court approves the Debtor's agreement with AgWest on the use of its cash collateral, the Debtor has sufficient cash on hand to honor the foregoing Employee Compensation obligations. By this Motion, the

Debtor seeks authority to pay and/or honor the Employee Compensation described herein for his Employees.

## IV. LEGAL ARGUMENT

### A. Payment of Withheld Amounts That Are Not Property of the Estate Is Required by Law and Should Be Allowed

13. Section 541(d) of the Bankruptcy Code excludes from property of the estate "[p]roperty in which the debtor holds, as of the commencement of the case, only legal title and not an equitable interest." 11 U.S.C. § 541(d). Money withheld by the Debtor from Employees' paychecks on account of various federal, state, and local income, FICA, Medicare, and other taxes (i.e., the Employee Deductions) falls within sections 541(b)(7) or 541(d) and does not constitute property of the estate. *See* 26 U.S.C. §§ 6672, 7501(a); *United States v. Daniel* (*In re R&T Roofing Structures & Commercial Framing, Inc.)*, 887 F.2d 981, 984–85 (9th Cir. 1989); *City of Farrell v. Sharon Steel Corp.*, 41 F.3d 92, 95–97 (3d Cir. 1994); *DuCharmes & Co. v. Michigan* (*In re DuCharmes & Co.)*, 852 F.2d 194, 196 (6th Cir. 1988); *cf. Begier v. IRS*, 496 U.S. 53, 53 (1990).

14. The Debtor, therefore, requests that the Court recognize that the Employee Deductions are not property of the Debtor's estate and, to the extent any portion of the Employee Deductions relates to wages earned prior to the Petition Date, authorize the Debtor to transmit such monies to the proper parties in the ordinary course of business.

### B. The Employee Wage Obligations Are Entitled to Priority Treatment

15. Section 507(a)(4) of the Bankruptcy Code affords wages, salaries, and commissions earned within 180 days before the Petition Date priority treatment, to the extent such amounts do not exceed $17,150 for each individual (the "Priority Cap").[2] Because these are priority claims, the Debtor is required to pay them in full to confirm a

[2] Section 507(a)(4) of the Bankruptcy Code provides, in pertinent part, a fourth priority claim for "allowed unsecured claims, but only to the extent of $17,150 for each individual . . . earned within 180 days before the date of the filing of the petition . . . for-(A) wages, salaries, or commissions, including vacation, severance, and sick leave pay earned by an individual." 11 U.S.C. § 507(a)(4).

chapter 11 plan. *See* 11 U.S.C. § 1129(a)(9)(B). The Debtor is not seeking authority to pay any amounts in excess of the Priority Cap, and the relief requested is accordingly limited to amounts already entitled to priority treatment. Because priority payment to the Employees is required, the requested relief merely affects the timing of such payment (i.e., whether now or in the near future). *See* 11 U.S.C. §§ 507(a) and 1129(a). Making such payments now will prevent disruption of the Debtor's farming operations, avoid personal hardship to the Employees and their families, and enhance value for the benefit of all interested stakeholders.

**C. Payment of the Employee Compensation Is Necessary and Authorized by 11 U.S.C. §§ 363(b) and 105(a)**

16. Authorizing payment of the prepetition Employee Compensation is an appropriate exercise of the Court's discretion under sections 363(b) and 105(a) of the Bankruptcy Code. The Debtor has the right to adopt reasonable employment policies pursuant to sections 1107 and 1108 of the Bankruptcy Code and may use property of the estate to continue his operations under section 363(b). *See* 11 U.S.C. §§ 1107, 1108, and 363(b). Section 363(b)(1) provides that "[t]he trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). Section 363(c)(1) allows the Debtor to use property of the estate in the ordinary course of business without court approval. *See Dai-Ichi Kangyo Bank, Ltd. v. Montgomery Ward Holding Corp. (In re Montgomery Ward Holding Corp.)*, 242 B.R. 147, 153 (D. Del. 1999); *Comm. of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.)*, 722 F.2d 1063, 1070–71 (2d Cir. 1983); *In re CoServ, LLC*, 273 B.R. 487, 497 (Bankr. N.D. Tex. 2002).

17. Section 105(a) provides that a court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of" the Bankruptcy Code. 11 U.S.C. § 105(a). Pursuant to section 105(a), courts have invoked the "necessity



Loeb & Loeb LLP
A Limited Liability Partnership
Including Professional
Corporations

244277292.1
249854-10002

of payment" doctrine to authorize the immediate payment of a debtor's prepetition obligations to unsecured creditors before plan confirmation when such payment is essential to the continued operation of the debtor in a chapter 11 reorganization. *See , e.g., In re Lehigh & N.E.R. Co.,* 657 F.2d 570*,* 581 (3d Cir. 1981); *In re Just for Feet, Inc.*, 242 B.R. 821, 824–25 (D. Del. 1999); *Burchinol v. Cent. Wash. Bank (In re Adam's Apple, Inc.)*, 829 F.2d 1484, 1490 (9th Cir. 1987).

18. The Ninth Circuit has recognized the "necessity of payment" doctrine. In *Adam's Apple*, the Ninth Circuit discussed the existence of two competing "fundamental tenets" of bankruptcy: (1) equality in the treatment of all creditors; and (2) the rehabilitation of a debtor. 829 F.2d at 1490. The *Adam's Apple* court stated that the rehabilitation of a debtor "may supersede the policy of equal treatment" of creditors, and went on to describe such situations, specifically mentioning the payment of prepetition wages to employees. *Id.* ("Cases have permitted unequal treatment of pre-petition debts when necessary for rehabilitation, in such contexts as (i) pre-petition wages to key employees; (ii) hospital malpractice premiums incurred prior to filing; (iii) debts to providers of unique and irreplaceable supplies; and (iv) peripheral benefits under labor contracts.").

19. Bankruptcy courts in the Ninth Circuit, including this Court, have approved payment of prepetition claims for wages and related obligations pursuant to section 105(a). *See, e.g.*, *In re Oroville Hospital*, No. 25-26877, [Docket No. 285] (Bankr. E.D. Cal. Jan. 15, 2026); *In re Tri-Valley Learning Corporation*, No. 16-43112, [Docket No. 71] (Bankr. N.D. Cal. Dec. 7, 2016); *In re Beverly Cmty. Hosp. Ass'n*, No. 2:23-bk-12359-SK, [Docket No. 335] (Bankr. C.D. Cal. May 26, 2023); *In re Verity Health System of California*, No. 18-20151-ER, [Docket No. 75] (Bankr. C.D. Cal. Sept. 5, 2018).

20. Here, the Debtor's six Employees are essential to his farming operations and they are not easily replaced. Any delay in payment of the Employee Compensation will



Loeb & Loeb LLP
A Limited Liability Partnership
Including Professional
Corporations

be detrimental to the Debtor's relationship with his Employees and his ability to maintain a stable workforce, and could significantly impair the Debtor's continued operations and reorganization. The amounts requested are modest and reasonable when viewed in the context of the number of Employees, the importance of preserving Employee services and morale, and the potential harm to the Debtor, his creditors, and the estate if these amounts are not paid. Accordingly, the Debtor respectfully requests that the Court authorize the Debtor to pay the Employee Compensation and to continue paying the Employee Compensation in the ordinary course of business and consistent with past practice.

**D. Processing of Checks and Electronic Fund Transfers**

21. The Debtor has sufficient funds to pay the amounts described in the Motion in the ordinary course of business through cash on hand, provided that the Court approves his stipulation with AgWest for the use of cash collateral. Moreover, the Debtor can readily identify checks or wire transfer requests relating to an authorized payment. As such, the Debtor believes there is minimal risk that unauthorized checks or wire transfer requests will be inadvertently honored. The Debtor therefore respectfully requests that the Court authorize the Bank, upon the Debtor's request, to receive, process, honor, and pay, to the extent of funds on deposit, any and all checks or electronic fund transfer requests relating to the Employee Compensation, and authorize, but not direct, the Debtor to issue new postpetition checks or effect new postpetition electronic fund transfers in replacement of any checks or transfer requests on account of Employee Compensation dishonored or rejected as a result of this chapter 11 case.

**E. Emergency Consideration and Waiver of Bankruptcy Rules 6004(a) and 6004(h)**

22. The Debtor requests a waiver of any applicable notice requirements under Bankruptcy Rule 6004(a) and any stay of the order granting the relief requested herein under Bankruptcy Rule 6004(h). As set forth above and in the Upple Declaration, the

relief requested herein is necessary to avoid immediate and irreparable harm to the Debtor's ongoing operations, and the risk to the Debtor's operations if the Debtor cannot pay his Employees makes a 14-day stay impractical. Accordingly, ample cause exists to justify waiver of the notice requirements under Bankruptcy Rule 6004(a) and the 14-day stay imposed by Bankruptcy Rule 6004(h), to the extent such requirements and stay are applicable.

23. Bankruptcy Rule 6003 provides that, to the extent relief is necessary to avoid immediate and irreparable harm, the Court may issue an order within the first 21 days of a chapter 11 case granting a motion to "use, sell, lease, or otherwise incur an obligation regarding property of the estate, including a motion to pay all or part of a claim that arose before the [filing of the] petition." Fed. R. Bankr. P. 6003(b). Failure to obtain authorization to pay the Employee Compensation within the first 21 days of this chapter 11 case would severely disrupt the Debtor's farming operations at this critical juncture. Accordingly, the Debtor submits that he has satisfied the "immediate and irreparable harm" standard of Bankruptcy Rule 6003 and respectfully requests that the Court approve the relief sought in the Motion on an emergency basis.[3]

24. Given the emergency nature of the relief requested herein, and the potential disruption to the Debtor's business that would ensue if such relief is not granted, the Debtor submits that no further notice need be given prior to granting the relief sought herein.

25. No previous motion for the relief sought herein has been made to this or any other court.

[3] To the extent any of the relief requested herein is not granted at an emergency hearing on shortened time, in the alternative, and out of an abundance of caution, the Debtor requests that the Court set a final hearing on any remaining matters on the earliest available date that is more than 21 days after the Petition Date pursuant to Bankruptcy Rule 6003.

## V. RESERVATION OF RIGHTS

26. Nothing herein, nor any action taken in furtherance of the relief requested, shall be deemed or construed as: (i) an admission regarding the validity of any claim asserted against the Debtor; (ii) a waiver of the rights of the Debtor or any appropriate party in interest to contest any such claim; or (iii) an approval, adoption, or assumption of any agreement, contract, program, policy, or lease pursuant to section 365 of the Bankruptcy Code. Similarly, in the event the Court grants the relief requested herein, any payment made in accordance with the Court's order shall not be deemed, and should not be interpreted, as an admission of the validity of any claim or as a waiver of the Debtor's right to challenge such claim at a later time.

## VI. NOTICE

27. Notice of this Motion shall be provided to: (1) the Bank, (2) counsel for the unsecured creditors' committee (if any), (3) the United States Trustee, (4) all secured creditors, (5) the Debtor's 20 largest unsecured creditors, (6) any relevant governmental authority, and (7) any party who has filed a notice of appearance.

## VII. CONCLUSION

WHEREFORE, the Debtor respectfully requests that the Court enter an order (a) authorizing, but not directing, the Debtor to pay Employee Compensation; (b) authorizing and directing the Bank to receive, process, honor, and pay any and all checks related to the foregoing, provided sufficient funds exist to cover such payments; (c) scheduling a final hearing to consider the Motion on a final basis; and (d) granting such other and further relief as the Court deems just and proper under the circumstances.



Loeb & Loeb LLP
A Limited Liability Partnership
Including Professional
Corporations

Dated: November 4, 2026

Respectfully submitted,

LOEB & LOEB LLP
BERNARD R. GIVEN II

By: /s/ Bernard R. Given II
Bernard R. Given II

Proposed Attorneys for Debtor and Debtor in Possession